UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHNNY NICHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-CV-266 JD |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Court previously remanded this social security appeal to the Commissioner for further proceedings on plaintiff Johnny Nichols' claim for benefits. The Court also awarded attorneys' fees under the Equal Access to Justice Act in the amount of $8,725. [DE 30]. On remand, the Commissioner made a fully favorable decision on Mr. Nichols' claim. That resulted in an award of past-due benefits in the amount of $85,606, 25% of which is $21,401.50. [DE 31-1]. Mr. Nichols also has an eligible auxiliary award, which totals $30,936, 25% of which is $7,734.[1] According to the fee agreement, Mr. Nichols agreed to pay his counsel 25% of all past-due benefits, which, including his auxiliary award, equals $29,135.50. [DE 31-2]. Mr. Nichols' attorney now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). He seeks one quarter of the amount of past-due benefits, which totals to $29,135.50. Counsel also represents that he will return the EAJA award to Mr. Nichols upon receipt of that award. The Commissioner indicates that after conferring with Mr. Nichols' attorney, it determined that he had previously received an additional award of EAJA attorney fees in the amount of $8,673 from Mr. Nichols'

---

[1] The Plaintiff's attorney noted that the SSA Administration has yet to release a Notice of Award for this auxiliary, but that the payment center confirmed his total past-due benefits are $30,936.

earlier federal court case. [DE 33]. The Commissioner does not oppose the motion for 406(b) fees contingent upon Mr. Nichols' counsel refunding the EAJA awards from both cases ($17,398) if the § 406(b) fee is awarded.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 46.6 hours of attorney time on Mr. Nichols' appeal in this Court. Even considering only the attorney time, that would result in a rate of about $625 per hour, which is well within the range of rates that courts have approved in this context. Also, because counsel received two EAJA awards,

2

which will be returned to Mr. Nichols upon receipt of an award under § 406(b), the net cost to Mr. Nichols will be only $11,737.50. Given the excellent result Mr. Nichols achieved through this action, that is very reasonable.

Contingent upon the Plaintiff's attorney refunding the $17,398 in EAJA fees previously awarded, the Court GRANTS the motion for attorneys' fees under § 406(b) in the amount of $29,135.50 and ORDERS the Commissioner to pay that amount out of the award of past-due benefits. [DE 31].

SO ORDERED.

ENTERED:  October 1, 2020

       /s/ JON E. DEGUILIO
Chief Judge
United States District Court